1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT
9                     CENTRAL DISTRICT OF CALIFORNIA
10                             EASTERN DIVISION

11   BETH CUMMINS,                       )
12                  Plaintiff,            )   Case No. EDCV 04-0728 (AJW)
                                          )
13          v.                            )   MEMORANDUM OF DECISION
                                          )
14   JO ANNE B. BARNHART,                 )
     Commissioner of the Social           )
15   Security Administration,             )
                                          )
16                  Defendant.            )
                                          )
17

18          Plaintiff filed this action seeking reversal of the decision of the defendant, the
19   Commissioner of the Social Security Administration (the "Commissioner"), denying plaintiff's
20   application for supplemental security income ("SSI") benefits. The parties have filed a Joint
21   Stipulation ("JS") setting forth their contentions with respect to each disputed issue.

22                              **Administrative Proceedings**

23          On May 5, 2000, plaintiff filed an application for SSI benefits that was denied initially
24   and upon reconsideration. [JS 2; Administrative Record ("AR") 62-65, 68-71, 76-78]. Plaintiff
25   requested an administrative hearing, which was conducted before Administrative Law Judge
26   Robert K. Rogers (the "ALJ") in San Bernardino, California, on November 5, 2001. [JS 2; AR
27   26]. During the hearing, plaintiff was represented by counsel and testified on her own behalf.
28   [AR 30-41]. Testimony also was received from a friend of the plaintiff and a vocational expert.

1  [AR 41-58].  In a written decision dated January 24, 2002, the ALJ found that plaintiff retained
2  the residual functional capacity ("RFC") to perform simple, repetitive tasks in a low stress
3  environment that did not involve significant interaction with the public, and that plaintiff's
4  RFC did not preclude her from performing her past relevant work as a dishwasher. [AR 24].
5  The Appeals Council denied review of the ALJ's decision denying benefits.  [JS 2; AR 5-7].
6       The parties have stipulated that the ALJ's decision fairly and accurately summarizes the
7  medical evidence and testimony, with the exception of the issues delineated by plaintiff in the
8  Joint Stipulation.

**Standard of Review**

10       The Commissioner's denial of benefits should be disturbed only if it is not supported by
11  substantial evidence or if it is based on the application of incorrect legal standards.  Thomas v.
12  Barnhart, 278 F.3d 947, 954 (9th Cir. 2002); Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th
13  Cir. 2001).  Substantial evidence is more than a mere scintilla but less than a preponderance.
14  Richardson v. Perales, 402 U.S. 389, 401 (1971); Thomas, 278 F.3d at 954.  Substantial
15  evidence means "such relevant evidence as a reasonable mind might accept as adequate to
16  support a conclusion." Richardson, 402 U.S. at 401 (quoting Consolidated Edison Co. of New
17  York v. N.L.R.B., 305 U.S. 197, 229 (1938)); Thomas, 278 F.3d at 954.  The court is required
18  to review the record as a whole, and to consider evidence detracting from the decision as well
19  as evidence supporting the decision.  Verduzco v. Apfel, 188 F.3d 1087, 1089 (9th Cir. 1999);
20  Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995).  "Where the evidence is susceptible
21  to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's
22  conclusion must be upheld."  Thomas, 278 F.3d at 954 (citing  Morgan v. Commissioner of
23  Social Sec. Admin., 169 F.3d 595, 599 (9th Cir.1999)).

**Discussion**

25  **Hypothetical questions**
26      Plaintiff contends that the ALJ erred by failing to pose a complete hypothetical question
27  to the vocational expert that included the limitation of often experiencing deficiencies of
28  concentration, persistence, or pace.

The ALJ found that plaintiff had no impairment related exertional limits on her ability to perform work [AR 20], but that plaintiff had severe schizoaffective disorder, depressed type, and borderline intellectual functioning. In his step three analysis of whether plaintiff's mental impairments met or equaled a listing described at 20 C.F.R. Part 404, Subpart. P, Appendix 1 (2004), the ALJ found that plaintiff's anxiety-related disorder interfered moderately in her ability to maintain social functioning, and that plaintiff "has often experienced deficiencies of concentration, persistence or pace." [JS 3; AR 18]. The ALJ did not incorporate those precise limitations into his formal RFC finding at step four of the sequential evaluation. He determined, however, that plaintiff's nonexertional mental limitations restricted her to performing "simple, repetitive tasks in a low stress environment that does not involve significant interaction with the public." [AR 24].

The ALJ based his mental RFC assessment on treating and examining mental health records diagnosing plaintiff with schizoaffective disorder, depressed type, and borderline intellectual functioning. [AR 19-20]. The ALJ also noted that the non-examining state agency physicians concluded that plaintiff often experienced deficiencies of concentration, persistence, or pace, but that those impairments did not preclude plaintiff from performing more simple, repetitive, non-public tasks. [See AR 22, 195-206, 221-231].

The ALJ's job is to pose hypothetical questions that set out all of the claimant's impairments for the consideration of the vocational expert, who then "translates these factual scenarios into realistic job market probabilities ...." Tackett v. Apfel, 180 F.3d 1094, 1101 (9th Cir. 1999). Hypothetical questions posed to the vocational expert must accurately describe all of the limitations and restrictions of the claimant that are supported by the record. Tackett, 180 F.3d at 1101; Matthews v. Shalala, 10 F.3d 678, 681 (9th Cir. 1993). A vocational expert's response to a hypothetical question constitutes substantial evidence only if it is supported by the medical evidence. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988).

Under the Commissioner's regulations, the functional limitations used at the third step in the sequential evaluation procedure are not a comprehensive RFC assessment, but rather are

used to rate the severity of mental impairment(s) at steps two and three of the sequential evaluation process. <u>See</u> Social Security Ruling ("SSR") 96-8p, 1996 WL 374184, at *4 ("The adjudicator must remember that the limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process. The mental RFC assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments, and summarized on the PRTF.").

The "paragraph B" and "paragraph C" functional limitations, however, are supported by the record and therefore must be factored into the "more detailed assessment" represented by the RFC finding. Although the ALJ did not include the specific limitation of "often has deficiencies of concentration, persistence or pace" in the RFC finding, that limitation is compatible with the RFC for low-stress, unskilled work with limited public interaction described by the ALJ. <u>See, e.g.</u>, <u>Thomas</u>, 278 F.3d at 953 (affirming the ALJ's finding that a claimant who had "moderate mental residual functional capacity limitations" and a "marked limitation in her ability to maintain concentration over extended periods" could perform the unskilled jobs identified by the VE); <u>Barker v. Secretary of Health & Human Services</u>, 882 F.2d 1474, 1475-78 (9th Cir. 1989) (holding that the ALJ did not err in finding that a claimant with a "low-normal IQ," a moderate restriction in the activities of daily living, and moderate difficulties in social functioning could perform the unskilled jobs identified by the VE); <u>Russey v. Massanari</u>, 2001 WL 1242901, at *2, *10 (N.D. Ill 2001) (holding that the ALJ properly found that a claimant who was moderately limited in his ability to understand, remember and carry out detailed instructions; moderately limited in his ability to get along with peers and co-workers without distracting them or exhibiting behavioral extremes; and markedly limited in his ability to interact appropriately with the general public could perform unskilled work). Therefore, the ALJ's RFC assessment precluding plaintiff from performing more than "simple, repetitive tasks in a low-stress environment that does not involve significant interaction with the public"

4

adequately reflects her limitations in concentration, persistence, and pace.[1] [AR 46-47].

The ALJ questioned the vocational expert about a hypothetical individual with plaintiff's background who was limited to simple, repetitive tasks in a low-stress environment that did not involve significant interaction with the public. The vocational expert testified that the hypothetical individual could perform plaintiff's past relevant work as a dishwasher both as she performed it and as it is performed in the national economy.[2] [AR 47].

The ALJ's use of the services of a vocational expert was appropriate in this context. See SSR 82-15, 2000 WL 1898704, at *2 (" In making disability determinations, we rely primarily on the D[ictionary of Occupational Titles] ... for information about the requirements of work in the national economy. We use these publications at steps 4 and 5 of the sequential evaluation process. We may also use [vocational experts and vocational specialists] at these steps to resolve complex vocational issues. We most often use [vocational experts] to provide evidence at a hearing before an ALJ.")(citing Social Security Rulings 82-41, 83-12, 83-14, and 85-15). The vocational expert's testimony constitutes substantial evidence supporting the ALJ's decision because the expert responded to hypothetical questions that adequately reflected all plaintiff's limitations, including the limitation in her ability to maintain concentration,

---

[1] If the ALJ had *not* "translated" the step-three limitations into the work restrictions noted in his RFC assessment, and thereby incorporated into his RFC plaintiff's limited ability to maintain concentration, persistence, and pace, he may have been required to include those limitations directly in his hypothetical questions in order to accurately describe plaintiff's mental limitations to the vocational expert.

[2] The ALJ posed further questions touching on concentration, persistence, and pace. [See AR 47-49]. Asked whether the job of dishwasher requires concentration, the vocational expert replied, "No, it does not." [AR 48]. Asked whether a dishwasher would have to maintain persistence and pace for intervals of two hours before getting a break, as required in an assembly job, the vocational expert testified that "the pace and persistence would be less than the assembly pace.... [T]here are busy periods and there are less busy periods. There's going to be a little more autonomy for the worker in terms of pace and persistence in a dishwashing job." [AR 48]. Although the ALJ did not pose a specific hypothetical question about an individual who often has deficiencies in concentration, persistence, and pace [AR 23-24], the vocational expert's testimony in response to these questions about the job of dishwasher provides further support for the ALJ's conclusion that a person with plaintiff's RFC can perform that job.

persistence, and pace. Accordingly, the ALJ did not err in posing hypothetical questions to the vocational expert or in relying on his testimony to find that plaintiff could perform her past relevant work.

## Conclusion

For the reasons stated above, the Commissioner's decision is supported by substantial evidence and reflects application of the proper legal standards. Accordingly, the Commissioner's decision is **affirmed.**

**IT IS SO ORDERED.**

DATED: July 11, 2005

/s/

_____
ANDREW J. WISTRICH
United States Magistrate Judge